**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ADRIAN ROBINSON, | ) |
| | ) |
| *Petitioner,* | ) |
| | ) |
| v. | ) |
| | ) No. 1:24-cv-0550 (PTG/WEF) |
| | ) |
| KEVIN PUNTURI, *et al.,* | ) |
| | ) |
| *Respondents.* | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to review Petitioner Adrian Oneil Robinson's ("Mr. Robinson" or "Petitioner") second amended petition. The Court's November 13, 2024, Order directed him to file a second amended petition because Mr. Robinson had failed to correct deficiencies in his amended petition. Specifically, Mr. Robinson was directed to

> file a second amended petition for a writ of habeas with the Clerk of this Court that *must* comply with and provide the information required by Rule 2 of the Rules Governing Habeas Corpus Cases in the United States District Courts, cures the deficiencies in the present multi-part petition he has filed, and *must* be signed. The claims raised in the petition *must* relate to the 2003 and 2004 convictions in the Norfolk Circuit Court. Mr. Robinson Petitioner *must* provide an explanation of the timeliness of his petition . . . .

Dkt. 14 at 8–9.[1] On April 9, 2025, Mr. Robinson filed a letter asserting that he had "followed the judge's order and completed the entire 28 U.S.C. § 2254 form." Dkt. 20. Five days later, the first of what eventually turned out to be six separate filings was received. After reviewing all six filings,

---

[1] The mention of a 2004 conviction in the November 13, 2024, order was based upon an entry in the online docket for the Norfolk Circuit Court. Final judgment was entered on July 15, 2003. *See infra* at note 3.

it is evident that Mr. Robinson has not followed the Court's November 13, 2024, Order and he has not "completed the entire 28 U.S.C. § 2254 form." Dkt. 20. Although he submitted the signature page of the § 2254 form, it was received separately from any other documents. Dkt. 27. The other five documents Mr. Robinson mailed did not cure deficiencies regarding exhaustion; he did not complete the portion of the standardized form and list his grounds/claims for relief; and he failed to address the issue of timeliness in a coherent manner. Mr. Robinson has been provided with two opportunities to correct his deficiencies, as well as significant guidance in orders from this Court, and he has again failed to comply.[2]

## I. Background

On June 30, 2003, Mr. Robinson pleaded guilty in the Circuit Court of the City of Norfolk, Virginia to obtaining money by false pretenses, in violation of Virginia Code § 18.2–178; two counts of abduction, in violation of Virginia Code § 18.2–47; and to capital murder, in violation of Virginia Code § 18.2–31(A)(8) ("willful, deliberate, and premeditated killing of more than one person within a three-year period").[3] *Commonwealth v. Robinson*, Case Nos. CR03002587-00 and CR03002467-01, –02, and –03. Mr. Robinson was sentenced to six months in jail for obtaining money by false pretenses, ten years on each count of abduction, and life for capital murder. The

---

[2] In 2021, another jurist of this district dismissed a separate § 2254 petition Mr. Robinson filed, without prejudice, because he had failed to cure deficiencies in that § 2254 proceeding. *Robinson v. Unknown*, No. 1:21-cv-00531-TSE-MSN (E.D. Va. Sept. 21, 2021), Dkt. 14.

[3] Mr. Robinson has filed several civil actions in this Court and in one of those actions he filed a copy of the judgment order for the capital murder and both abductions. *Robinson v. Commonwealth of Virginia, et al.*, No. 1:19-cv-0768-TSE-IDD, Dkt. 1–1. The circuit court's online records corroborate the information regarding the offenses. *See* https://www.vacourts.gov/ (Case Status and Information, Circuit Court Case Information and Fee Calculation Tab, Circuit Court Case Information Tab, Norfolk Circuit Court Tab, Criminal Tab (searched "Robinson, Adrian" (last searched Feb. 11, 2026). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[Most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

sentencing order was entered on July 15, 2003.

Mr. Robinson did not file a direct appeal of his conviction.[4]  Although Mr. Robinson filed numerous civil actions in multiple federal district courts after his convictions, he did not challenge the validity of his convictions until he filed a petition for a writ of habeas corpus in this Court on September 27, 2023, pursuant to 28 U.S.C. § 2254.[5]  *Robinson v. Punturi*, No. 1:23-cv-01312-PTG-IDD ("*Robinson I*").  On October 5, 2023, the Court reviewed the petition and determined that it failed to comply with Rule 2 of the Rules Governing Habeas Corpus Cases in the United States District Courts ("Rule 2"), and that he failed to use a standard form as required by Local

---

[4] Mr. Robinson filed a copy of the dismissal order from a Virginia Supreme Court habeas proceeding to one of his pleadings. Dkt. 31 at 33-34. Mr. Robinson's filings reference a circuit court decision in an involuntary commitment hearing, but the Supreme Court of Virginia found that Mr. Robinson sought a hearing on the merits by the Supreme Court of Virginia under its original habeas jurisdiction. *See id.* at 33. The court held that it did not have original jurisdiction to hear such a matter and that "jurisdiction to hear petitions addressing the involuntary admission of prisoners with mental illness is granted only to the trial court." *Id.* at 34 (citing Va. Code § 53.1–40.2). The Supreme Court of Virginia's online docket confirms Mr. Robinson has filed only one civil action there, which was refused on April 23, 2020. *Adrian Robinson v. Jeffrey Artrip, (Warden, Marion Correctional and Treatment Center)*, Record No. 190748. *See* Case Status and Information, Supreme Court of Virginia, https://www.vacourts.gov/ (last visited Feb. 11, 2026). Mr. Robinson has also filed a January 11, 2021 Order from the Circuit Court of Smyth County dismissing an appeal from an involuntary treatment. Dkt. No. 31 at 44–45, 47.

[5] On April 29, 2021, Mr. Robinson filed a purported petition for a writ of habeas corpus, but the pleading did not actually raise any claims related to his conviction. As noted above, that petition was dismissed without prejudice on September 21, 2021, because he did not comply with a May 3, 2021, Order directing Mr. Robinson to file an amended petition using a standardized form as required by Local Civil Rule 83.4(A). *Robinson*, No. 1:21-cv-00531-TSE-MSN, Dkt. 3. The September 21, 2021, Order also advised Mr. Robinson about the need to exhaust his claims in state court and that there was a state statute of limitations (Virginia Code § 8.01–654(A)(2)). *Id.* at Dkt. 14 at 3 n.5. Although styled as a habeas petition, the 256-page petition did not set forth any claims related to his 2003 convictions in the Norfolk Circuit Court, and the prayer for relief concerned the preservation of "legal documents" and their return to Mr. Robinson, violation of a Virginia Department of Corrections ("VDOC") regulation on preservation of electronic evidence and an *ex post facto* violation because of a change in VDOC regulations regarding possession of documents, and the return of a copy that Mr. Robinson sent the FBI. *Id.* at Dkt. 1-2 at 101. The dismissal order observed that the "hundreds of pages of documents submitted are an incoherent compilation of various apparently unrelated complaints that, at best, sound in terms of a § 1983 and not habeas." *Id.* at Dkt. 14 at 3.

3

Civil Rule 83.4(A).  Mr. Robinson was directed to cure his deficiencies and file an amended petition within thirty days.  *Robinson I*, Dkt. 3.  Mr. Robinson sought, and was granted two continuances, with a final deadline of on or before February 26, 2024.  On July 1, 2024, no amended petition had been filed in *Robinson I*, and that civil action was dismissed without prejudice.  *Robinson I*, Dkt. 13.

On August 20, 2024, Mr. Robinson filed a motion asserting that he had complied with the Court's order to file an amended petition.  *Robinson I*, Dkt. 15.  The Court investigated his assertion and found that Mr. Robinson had sent in an unsigned habeas petition, on which he had failed to include the docket number assigned to *Robinson I.*  The unsigned petition was received on March 15, 2024, and filed on April 4, 2024, as the present § 2254 petition.  *Robinson v. Punturi*, No. 1:24-cv-00550-PTG-IDD ("*Robinson II*").[6]  Dkt. 6.  On September 6, 2024, after reviewing both dockets, the Court consolidated the civil actions and transferred Mr. Robinson's pending motions in *Robinson I* to *Robinson II*.  *Id.*

On November 13, 2024, the Court reviewed the amended petition and noted several deficiencies.  Mr. Robinson's amended petition did not clearly identify his claims or the facts upon which the claims were based, did not clearly identify the convictions he sought to challenge, suggested the Court "needs to choose which case" or conviction he could challenge, and failed to address either the exhaustion requirement or timeliness.  Dkt. 14 at 2-8.  As noted above, the Court's November 13, 2024, Order expressly directed Mr. Robinson to cure these specific deficiencies and advised him that if he wished "to raise claims related to an order or judgment" other than his convictions in the Norfolk Circuit Court, "he must do so in a separate petition that complies with Rule 2."  *Id.* at 8-9.  The order also advised Mr. Robinson that if he failed to comply

---

[6] Unless otherwise indicated, references to the docket herein are to *Robinson II's* docket.

with the November 13, 2024, Order within thirty days, failure to do so "may result in the dismissal of [his] petition pursuant to Fed. R. Civ. P. 41(b)." *Id.* at 9.

On December 30, 2024, Mr. Robinson sought a continuance, which the Court granted on January 3, 2025, and he was directed to comply with the November 13, 2024, Order on or before February 11, 2025. Dkt. 16. On January 8, 2025, Mr. Robinson filed a motion to stay and abey. Dkt. 17. On February 13, 2025, the Court denied the motion to stay and abey, and directed Mr. Robinson to comply with the November 13, 2024, order within thirty days. Dkt. 18. In a letter postmarked March 14, 2025, Mr. Robinson stated he received the February 13, 2025, order on March 5, 2025. Dkt. 19.

On April 9, 2025, Mr. Robinson filed a letter asserting he had "followed the judge's order and completed the entire 28 U.S.C. § 2254 form." Dkt. 20. The standard form is fifteen pages long, and the first page sets out directions. On April 11, 2025, Mr. Robinson filed three pages as presumably the first part of his second amended petition and included nine pages of exhibits. Dkt. 20. The three pages were the second, third, and the bottom portion of the 14th page of a standard § 2254 form. Mr. Robinson cropped page 14 and eliminated the top of that page where he had to address the timeliness of his petition. Mr. Robinson failed to complete pages 4 through 13 or the top portion of page 14 in any of the six parts of his second amended petition. This was a failure to comply with Rule 2 and a failure to comply with this Court's November 13, 2024 Order. The six parts are summarized below.

The November 13, 2024, Order limited this proceeding to the 2003 Norfolk Circuit Court convictions. Dkt. 14 at 8, 9. The first paragraph of the § 2254 form required Mr. Robinson to provide "[t]he name and location of the judgment of the court that entered the judgment of conviction that you are challenging," and instead Mr. Robinson inserted a statement that he is

"challenging the 'sanity and competency evaluations' done by the Commonwealth of Virginia in his criminal conviction 1st, because it is part of his alibi. There are 40 forced medication and hospital orders." Dkt. 21 at 1. Mr. Robinson knew the name of the court, conviction, or date of judgment because he had filed a judgment order from his criminal proceeding in a previous civil action. *See supra* note 3. Similarly, paragraph five of the § 2254 form required Mr. Robinson to "[i]dentify all crimes of which you are convicted and sentenced in this case." *Id.* Mr. Robinson provided an incoherent response that discussed his sanity and competency evaluations, alleging that his attorney failed to retrieve his "perpetual motion machine" and "blueprints" and that the tolling for his involuntary intoxication cannot be determined until the merits of his "initial 2003 is done" as well as all the evaluations "from 2004 to present." *Id.*

Paragraph nine of the § 2254 form concerns exhaustion and asks for information about appeals from the convictions challenged. Mr. Robinson's response referenced the "Norfolk Circuit Court, Sussex General District Court, Smyth County Court, Greensville Court," and then states his case "turned into civil commitment," his case was transferred to a different court, "need discovery," and "attorney ineffective for not appealing." *Id.* at 2. Mr. Robinson's response stated that he had appealed to the Supreme Court of Virginia and his "habeas was granted." *Id.* The last entry of the three pages consist of the blank lines portion of page fourteen of the § 2254 form. Mr. Robinson inserted "see alibi, Affidavit #1 in mail." *Id.* at 3.

Part I of the second amended petition includes what Mr. Robinson has entitled, Affidavit #1, which is an eight–page, unsworn, attachment that consists of a series of handwritten statements into which Mr. Robinson has inserted portions of various documents. Dkt. 21–1. Mr. Robinson's eight-page narrative indicates that he needed more money than the $100,000 his father gave him to develop his perpetual motion machine in his company, Dynasty Services, Hamilton, Georgia,

and that he filed a patent application in 2002. *Id.* at 1-3. The narrative then jumps to March 23, 2003, when Mr. Robinson states he was robbed and kidnapped while demonstrating his machine and that his father was robbed and killed, his uncle was "shot at," and Mr. Robinson was blamed for the robbery and murder of his father and kidnapping "two nuns" from his uncle's church and killing one of the nuns. *Id.* at 5. Mr. Robinson asserts that the crimes were committed for his "technology," his perpetual motion machine. *Id.* He then blames an unnamed detective and his unnamed attorney for not obtaining the documents or the model to use in his defense. *Id.*

On April 17, 2025, Part II, Affidavit #1 (pages 8 through 25 of 42) is an eighteen-page document, and like Part I of Affidavit #1 it includes written statements interrupted by the insertions of portions of documents into Mr. Robinson's written narrative. Dkt. 24. The first three pages discuss in a vague and confusing manner proceedings that took place in Georgia[7] and Mr. Robinson's return to Virginia in 2005, and the appointment of counsel to represent him in an involuntary commitment proceeding scheduled for July 6, 2005, in Smyth County General District Court. *Id.* at 1-7. Mr. Robinson was apparently adjudicated not competent to voluntarily consent to treatment, but he only inserted a portion of the order into his narrative. *Id.* at 7. Mr. Robinson then recounts that he was tried for a criminal offense in Smyth County General District Court, found not guilty by reason of insanity and "released," but the portion of the order inserted into Part II does not indicate to whom or where he was released. *Id.* at 8.

The narrative in Part II continues by discussing a second involuntary commitment proceeding in October 2009, and Mr. Robinson's examination by a psychologist, Dr. Amenda McGrady, who determined that Mr. Robinson was paranoid, suffered from delusions, and was

---

[7] Mr. Robinson seems to have been in the Georgia Central State Hospital for competency and sanity evaluations after his convictions in 2003 and transferred back to Virginia on July 6, 2005. Dkt. 24 at 1–3.

7

agitated. *Id.* at 10, 12. A subsequent involuntary commitment proceeding occurred in April 2010, and a subsequent criminal proceeding occurred in the Smyth County Circuit Court on May 4, 2011, that resulted in Mr. Robinson being found not guilty by reason of insanity for two counts of assaulting a correctional officer and one count of damaging VDOC fire suppression property. *Id.* at 13-18.

On April 24, 2025, Mr. Robinson filed Part III, Affidavit #1 (pages 26 through 34 of 42). Dkt. 26. This nine-page continuation of Mr. Robinson's narrative references a patent and a civil action in this Court, *Robinson v. Unknown*, No. 1:12-cv-00225 ("*Robinson III*"),[8] *id.* at 1-2, that Mr. Robinson was litigating in the U.S. Patent and Trademark Office, a motion for a preliminary injunction dismissed by the U.S. District Court for the Western District of Virginia, *Robinson v. Unknown*, No. 7:13-cv-00414-JLK-RSB (W.D. Va. Oct. 10, 2013) (dismissed without prejudice), *appeal dismissed*, No. 15-7313 (4th Cir. Nov. 16, 2015) ("*Robinson IV*"), and various *in forma pauperis* applications he has filed. Dkt. 26 at 3-9.

On April 28, 2025, Mr. Robinson filed Part IV of his second amended petition, page 15 of the standard § 2254 form. Dkt. 27. His page 15 was executed and sworn to on April 4, 2025, but it is a single page and not affixed to any other document. Further, it is inconsistent with the April 3, 2025, date in the letter that accompanied the second amended petition. Dkt. 20.

On May 1, 2025, Mr. Robinson filed Part V, Affidavit #1 (pages 35 through 42), which

---

[8] *Robinson III*, a § 1983 complaint, was filed on March 1, 2012. On March 23, 2012, the Court screened the complaint, noted deficiencies, and allowed Mr. Robinson thirty days to cure his deficiencies. *Robinson III*, Dkt. 2. On May 11, 2012, the Court ruled on various motions filed by Mr. Robinson, directed him to file an amended complaint on a standardized § 1983 form, and allowed him thirty days to file an amended complaint. *Id.* at Dkt. 10. On July 30, 2012, the Court dismissed the civil action for failure to comply with the Court's order. *Id.* at Dkt. 18. Mr. Robinson appealed, and the Fourth Circuit dismissed his appeal on May 28, 2013. *Robinson v. Unknown*, 521 F. App'x 204, 205 (4th Cir. 2013).

continues his narrative discussing an involuntary commitment proceeding in the Greensville County General District Court in June 2013. Dkt. 29 at 1-2. The narrative reverts back to *Robinson III*; then jumps to another civil action he filed in the U.S. District Court for the Western District of Virginia, *Robinson v. Unknown*, No. 7:14-cv-00383-JLK-RSB (W.D. Va. Sept. 3, 2014) (dismissed without prejudice) ("*Robinson V*"); switches again to a forced medication proceeding in 2014; and then returns to Mr. Robinson's patent litigation. Dkt. 29 at 3-8.

On May 7, 2025, Mr. Robinson filed Part VI, Affidavit #1 (pages 43 through 95). Dkt. 31. As with the previous portions, this narrative is handwritten, and portions of various documents are inserted into his fifty-four-page pleading. Part VI begins by discussing his patent application. *Id.* at 1-5. The pleading then discusses an involuntary commitment in 2014 that apparently was filed in Smyth County Circuit Court, reverts back to the discussion of filing for a patent, and indicates he also attempted to file a petition for a writ of habeas corpus in the U.S. District Court for the District of Columbia on or about December 23, 2014.[9] *Id.* at 6–9, 10–19.[10] Part VI then indicates that there was another involuntary commitment proceeding in Smyth County Circuit

---

[9] A search of PACER indicates that Mr. Robinson filed a petition for a writ of habeas corpus styled, *Robinson v. United States Patent and Trademark Office, et al.*, No. 1:14-cv-02180-JEB (D. D.C.) ("*Robinson VI*"), on December 22, 2014. The district court reviewed the filing, determined "that it has no relation to a habeas petition and instead concerns Petitioner's putative patents" and sought the "court [to] order[] an injunction and suspend all USPTO proceedings against Adrian Robinson patents." *Robinson VI*, Dkt. 2. The district court's order dismissed his civil action without prejudice and advised Mr. Robinson that if he "wishes to bring a regular civil action, then he must either pay the civil filing fee or apply for *in forma pauperis* status." *Id.*

[10] The civil action, *Robinson v. Lynch et al*, No. 1:16-cv-00228-JEB (D. D.C. Oct. 4, 2016) ("*Robinson VII*"), is a patent infringement action that was dismissed for failure to pay the required filing fee. The district court noted that Mr. Robinson had already accumulated three strikes under the Prison Litigation Reform Act. *Robinson VII*, Dkt. 9 at 2 (citing five dismissals: *Robinson v. President Barack Obama*, No. 11–808 (E.D. Va. Aug. 3, 2011); *Robinson v. Unknown*, No. 13–414 (W.D. Va. Oct 10, 2013); *Robinson v. Jarvis*, No. 14–130 (W.D. Va. Apr. 11, 2014); *Robinson v. Marion Correctional and Treatment Center*, No. 14–383 (W.D. Va. Sept. 3, 2014); *Robinson v. United States Patent and Trademark Office*, No. 15–1272 (E.D. Va. Oct. 27, 2015)).

9

Court in 2016, and that he had ten additional hearings (approximately every six months) from August 17, 2016 through November 18, 2020. *Id.* at 21; *see also id.* at 20-54.[11]

## II. Discussion

Mr. Robinson has been afforded the opportunity to amend his habeas petition a second time to address mostly the same deficiencies the Court had already granted Mr. Robinson leave to cure, as well as affording him approximately five months to comply with the November 13, 2024, Order. Yet, Mr. Robinson has failed to cure the deficiencies—there are no clearly stated claims, he failed to provide the information required by Rule 2, and he failed to address timeliness. This matter will be dismissed without prejudice for failure to comply with a court order.

The Court has inherent authority to manage its docket and dismiss a case for noncompliance with a court order. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101,

---

[11] On February 3, 2026, Mr. Robinson filed a 25–page "submission" that includes references to a prison assault, notice documents for general district court hearings, and facility requests for documents. Dkt. 38. On February 9, 2026, Mr. Robinson filed a 24–page "submission" that discusses several of his civil commitment hearings. The documents in each submission are irrelevant to his Norfolk Circuit Court criminal convictions. On February 9, 2026, Mr. Robinson filed his motion to "Combine the Jurisdiction of Court Orders, Judgments, Quasi-Judicial Actions, and Administrative Actions that Causate from Technical or Closely Related Questions" in which he asks this Court to conduct a combined review of his patent application, proceedings in Georgia, a Department of Energy administrative proceeding, at least 26 civil commitment proceedings held by Virginia courts, and sanity evaluations from his criminal trial that were sent to Georgia. Dkt. 40. In the context of determining if a petition was a "second or successive" petition, the United States Supreme Court found that the judgment challenged in the petition determines if a subsequent habeas petition is successive and cited Habeas Corpus Rule 2(e) in its analysis noting that it required "that any 'petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." *Magwood v. Patterson*, 561 U.S. 320, 334 (2010); *see, e.g., Bianchi v. Blodgett*, 925 F.2d 305, 308–11 (9th Cir. 1991) (affirming dismissal of federal habeas corpus petition without prejudice under former Rule 2(d) (now Rule 2(e)) when petition challenged the judgments of two different state courts); *Hart v. Hedrick*, 1986 U.S. App. LEXIS 37627, *2 (4th Cir. Oct. 24, 1986) ("Hart apparently is trying to attack a number of convictions, at least two of which generate from two different state courts, namely Ohio County and Wood County. Such an attack is impermissible under [former] Habeas Rule 2(d), 28 U.S.C. foil. § 2254."). The motion is denied.

107 (2017); *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019). Mr. Robinson's failure to cure the deficiencies in his second amended petition is significant. Instead of requesting additional time to comply, which the Court had granted on two prior occasions, Mr. Robinson filed a statement that he had complied with the Court's order and that he had completed the form. But this was not so. Because Mr. Robinson has not complied with the Court's November 13, 2024, Order, dismissal without prejudice is the least drastic sanction likely to be effective.

### III. January 9, 2026, Motion to Amend[12]

On January 14, 2026, Mr. Robinson, without leave of Court, filed an "Amended Petition" that seeks to challenge an alleged August 6, 2025, civil commitment for 180 days. Because Mr. Robinson had no leave to amend his petition and had been granted leave to amend on two previous occasions, the Court construes the "Amended Petition" as a motion for leave to amend. For purposes of habeas petitions, rules regarding amended petitions are governed by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 (petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Mayle v. Felix*, 545 U.S. 644, 654–55 (2005) (citing Rule 11, Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. § 2242).

In addressing Federal Rules of Civil Procedure Rule 15(a), the Fourth Circuit has stated "that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see also United States*

---

[12] The Amended Petition is not dated, and the envelope was stamped January 9, 2026. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining that a pleading is filed at the time a prisoner delivers it to the prison authorities for forwarding to the court clerk).

11

*v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citing cases) ("leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment."). An amendment is futile if the amended complaint fails to state a claim upon which relief can be granted. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (upholding district court's denial of plaintiff's "motion to amend her complaint because the proposed amendments could not withstand a motion to dismiss") (citing *Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985) (if amended complaint could not withstand motion to dismiss, motion to amend should be denied as futile); 6 Charles A. Wright et al., Federal Practice and Procedure § 1487, at 643 & n.26 (1990)); *see, e.g., Van Leer v. Deutsche Bank Sec., Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012) (amendment is "futile when the proposed amended complaint fails to state a claim") (citing *United States ex rel. Wilson v. Kellogg Brown & Root Inc.*, 525 F.3d 370, 375 (4th Cir. 2008)).

The first problem with the Amended Petition is that it does not include any claim related to the 2003 convictions in the Circuit Court of the City of Norfolk, which is the judgment challenged in this § 2254 proceeding.[13] The one–page Amended Petition fails to comply with this Court's orders and it references an August 6, 2025 civil commitment. The Amended Petition and the accompanying memorandum also establish that the claims do not relate back to the criminal convictions that are the subject of the § 2254 petition. The Amended Petition raises five claims:

1) Mr. Robinson was not provided "notice" of the Virgina Code § 53.1-40.1 proceeding before he was "civilly committed" on August 6, 2025. Dkt. 36 at 32 (forced medication).

2) Mr. Robinson was not provided "notice" of the Virgina Code § 53.1–40.2

---

[13] Mr. Robinson's continued failure to file a proper 2254 resulted in the Court's November 13, 2024, Order directing him to confine his amended petition to the 2003 and 2004 convictions in Norfolk Circuit Court and that if he "wished to raise claims related to an order or judgment, other than 2003 and 2004 convictions in the Norfolk Circuit Court, under which he was detained at the time he filed the instant petition, he must do so in a separate petition that complies with Rule 2." Dkt. 14 at 9. The limitation to the 2003 and 2004 convictions in Norfolk Circuit Court for the amended petition was reiterated in the Court's February 13, 2025, Order. Dkt. 18 at 9.

> proceeding before he was "civilly committed" on August 6, 2025. Dkt. 36 at 36 (forced hospitalization).

3) Mrs. Brickel, the evaluator, did not qualify under Virgina Code § 37.2-815 (Commitment hearing for involuntary admission; examination required). Dkt. 36 at 39.

4) Mr. Robinson's attorney was ineffective when the two met on August 6, 2025, because his attorney did not provide him with the "Notice of Rights" form. Dkt. 36 at 42.

5) Judge Ransey violated Mr. Robinson's rights by not reviewing the records to determine if Mr. Robinson received notices for involuntary treatment and hospitalization; not insuring Mrs. Brickell was qualified and that there was an independent evaluation; not reviewing Mr. Robinson's *pro se* brief. Dkt. No. 36 at 44-46.

The claims reference 27 alleged general district court hearings that occurred in three different jurisdictions. The earliest hearing was allegedly on March 4, 2004, in Sussex County General District Court and the last alleged hearing occurred on August 6, 2025, in Greensville County General District Court. These new claims do not relate back to his original claims because they arise from separate occurrences of "both time and type" and geographic location. As *Mayle* held, Rule 15(c) permits relation back only when new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle*, 545 U.S. at 657 (internal quotation marks omitted); *see also United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (holding that, because the petitioner's proposed amendment did not relate back to his original petition, the district court lacked jurisdiction to hear the claim, and affirming the district court's dismissal of the claim on different grounds). Further, the respondents would be different than the respondent for the § 2254 claims.

Lastly, Mr. Robinson filed a § 2254 petition challenging a criminal conviction and not a petition challenging a civil commitment. To challenge a civil commitment, Petitioner must file a § 2241 petition. *See Gaster v. S.C. Dep't of Corr.*, 67 F. App'x 821 (4th Cir. 2003) ("Although

Gaster originally filed the petition under 28 U.S.C. § 2254, because he challenged the constitutionality of a state civil commitment, the magistrate judge properly characterized it as a petition under 28 U.S.C. § 2241.").[14] Before filing a § 2241 petition, Mr. Robinson must exhaust his state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).[15] Here, to be sure, Petitioner could not have challenged a civil commitment that occurred fourteen months after he filed his § 2254 petition.

---

[14] *See, e.g., Muhammad v. Geo Care Justcare Dep't of Mental Health*, 2011 WL 5827627, *1 (D.S.C. Nov. 16, 2011) ("Where the impediment which significantly restrains Petitioner's liberty is not the result of a state criminal conviction and sentence, such as in the circumstance of . . . involuntary civil commitment of mental evaluation/treatment areas, the federal habeas corpus statute to be applied is 28 U.S.C. § 2241."), *appeal dismissed*, 472 F. App'x 160 (4th Cir. 2012).

[15] Exhaustion would require that Mr. Robinson appeal through the state courts, which in this case would include an appeal to the circuit court and if dissatisfied with that result to the Court of Appeals of Virginia. Va. Code Ann. § 53.1-40.1(D) ("Any order of a judge under subsection A may be appealed de novo within 10 days to the circuit court for the jurisdiction where the prisoner is located, and any order of a circuit court hereunder, either originally or on appeal, may be appealed within 10 days to the Court of Appeals, which shall give such appeal priority and hear the appeal as soon as possible."). Exhaustion requires that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. For ineffective assistance claims, a habeas petitioner must have raised the claim or claims via state habeas.

14

The Amended Petition and accompanying memorandum, Dkts. 35, 36, 37, 38 and 39, should therefore be severed from this civil action and the Clerk shall open a new civil action pursuant to 28 U.S.C. § 2241.[16]

## IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* 28 U.S.C. § 2253(c)(1)(A) (prohibiting an appeal from a final order concerning a habeas corpus petition "[u]nless a circuit justice or judge issues a certificate of appealability"). A certificate of appealability ("COA") will not issue absent "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4 (1983)).

Where a district court dismisses a petition solely based on procedural grounds and does not address the underlying constitutional claims, *Slack* instructs that "jurists of reason" must be able to find both the petition's "claim of the denial of a constitutional right" and the district court's dispositive procedural ruling to be "debatable" in order to issue a COA. *Id.* Where the procedural bar is "plain" and "a reasonable jurist could not conclude either that the district court erred in

---

[16] Rule 2(e) of the Rules Governing § 2254 Cases provides: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each count." Where a petition violates Rule 2(e), the court may dismiss the petition for failure to comply with Rule 2(e) or sever the noncompliant challenges. *See, e.g.*, *McKnight v. United States*, 27 F. Supp. 3d 575, 578 (D.N.J. 2014) ("When a litigant raises different habeas challenges in a single action, the court either dismisses his claims for failure to comply with Habeas Rule 2(e) or severs each line of challenges into its own habeas case.").

dismissing the petition or that the petitioner should be allowed to proceed further," no appeal is warranted. *Id.*

Here, reasonable jurists could not debate the Court's conclusion that the petition must be amended to comply with Habeas Rules 2(b), 2(c), and 2(e). Rule 2 requires, among other things, that habeas petitions must be filed on standardized forms, that the "petition must . . . specify all the grounds for relief available to the petitioner," and "state the facts supporting each ground." A petitioner must make specific factual allegations in the petition "that, if true, would entitle him to relief." *Jones v. Polk*, 401 F.3d 257, 269 (4th Cir. 2005) (quoting *Fullwood v. Lee*, 290 F.3d 663, 681 (4th Cir. 2002)). While *pro se* pleadings must be liberally construed, "liberal construction does not mean overlooking the pleading requirements...." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). "Federal courts are not responsible for identifying the factual basis for a petitioner's claims; the petitioner is." *Folkes v. Nelsen*, 34 F.4th 258, 271 (4th Cir. 2022). Further, the Fourth Circuit has held that a district court "must consider claims as they are presented in the petition, reviewing them under the applicable standard," and it is "the district court's duty to consider only the specific claims raised in a § 2254 petition." *Id.* at 269.

Here, there are no identifiable claims in Mr. Robinson's six-part second amended petition, which totals over 100 pages. Thus, this Court will not issue a COA to Mr. Robinson. Mr. Robinson may, however, seek a COA from the Fourth Circuit.

Where a district court denies a COA, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Cases U.S. District Courts.

Accordingly, it is hereby

**ORDERED** that Dkts. 35, 36, 37, 38 and 39 be severed from this civil action and that the Clerk open a new civil action pursuant to 28 U.S.C. § 2241; it is further

**ORDERED** that this action be and is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner's Motion for 30 Day Continuance (Dkt. 23) and Petitioner's "Motion the Court to Combine the Jurisdiction of Court Orders, Judgments, Quasi-Judicial Actions, and Administrative Actions that Causate from Technical or Closely Related Questions" (Dkt. 40) are **DENIED as MOOT**.

If Petitioner wishes to appeal this decision, he must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Mr. Robinson need not explain the grounds for appeal until so directed by the Court. Failure to timely file a notice of appeal waives the right to appeal this decision.

The Clerk is **DIRECTED** to send a copy of this Order dismissing this habeas petition without prejudice to Petitioner, along with a § 2254 form, and to close this civil action.

Entered this 26th day of March, 2026.
Alexandria, Virginia

_____ /s/
Patricia Tolliver Giles
United States District Judge

17